**Elisha Keith WAMPLER and Charlette Cantrell, Respondents,**

v.

**Arnold THRUN, Appellant.**

**No. WD 56652.**

Missouri Court of Appeals, Western District.

Feb. 1, 2000.

Arnold Thrun, Farmington, pro se.

James Humphrey, Jr., Kansas City, Terri Lowdon, St. Joseph, for respondent.

PAUL M. SPINDEN, Presiding Judge.

Arnold Thrun appeals the circuit court's judgment of wrongful death in connection with the July 18, 1996, shooting death of Rodney Lynn Wampler in Andrew County. Elisha Keith Wampler, the decedent's son, and Charlette Cantrell, the decedent's mother, did not respond to Thrun's *pro se* appeal. We reverse the circuit court's judgment and remand for further proceedings.

When the circuit court convened a trial in this case, Thrun was in prison serving a sentence for a manslaughter conviction growing out of the incident. No one appeared at the trial on his behalf. Although Thrun gives us much detail about Rodney Wampler's death and the surrounding cir-

cumstances in his brief, none of these facts appear in the record.

From the transcript of the trial admitted into evidence in this case, we know that Thrun pleaded guilty to manslaughter. During the guilty plea hearing, Thrun told the court, "I walked over to [Wampler's] yard, pushed him with the rifle. We had a confrontation. I pushed him with the rifle twice, and the gun went off and killed him."[1] Elisha Wampler appeared at the trial in this case and testified concerning his relationship to his father and his father's cash gifts to him. Cantrell testified of her costs for Wampler's funeral and burial. The circuit court awarded Cantrell $5770 for her expenses, and it awarded Elisha Wampler $150,000 in actual damages and $150,000 in punitive damages.

Thrun argues on appeal that the circuit court erred in denying his motion requesting appointment of a trustee pursuant to § 460.100, RSMo 1994. The circuit court miscomprehended the purpose of the General Assembly's providing for appointment of a trustee. We therefore remand the case to it so it can reconsider the issue.

Section 460.100 says, "Such trustee ... may ... defend all actions commenced ... against such convict. By leave of court, such trustee may employ counsel and, subject to court approval, pay reasonable attorney fees and expenses of litigation, to ... defend such actions." As a modifier of "trustee," "convict," and "actions," "such" suggests that the General Assembly was referring to a previous mention of the three terms. This traditional understanding of "such"[2] works in the case of "actions," but not for "trustee" and "convict" because this was the first mention of the terms and § 460.100 is the first statute in Chapter 460.

The Supreme Court explained the reason for this curious way of beginning Chapter 460:

In 1990, the General Assembly enacted two bills. House Bill 974 repealed all 25 sections of Chapter 460 in its entirety, and enacted no new sections equivalent to Chapter 460. Senate Bill 563 amended and reenacted two sections of Chapter 460, without mention of the other sections of Chapter 460.

. . . .

... Each house passed its own bill first. H.B. 974, however, was amended by the Senate, while S.B. 563 was not amended by the House. These amendments had no connection, however, with Chapter 460. These amendments did have the effect of requiring the House to approve the amended version of H.B. 974 after approving S.B. 563.... [T]he Senate passed S.B. 563 before the House passed the original version of H.B. 974.... Both bills ... were signed by the legislative presiding officers and presented to the governor on the same date.

*Berdella v. Pender*, 821 S.W.2d 846, 848–49 (Mo. banc 1991) (emphasis omitted). In deciding how to treat §§ 460.100 and 460.250, apparent statutory "orphans," the Supreme Court concluded, "While H.B. 974 repeals the provisions governing appointment of a trustee for an inmate, it does not prohibit a court from using its inherent powers to appoint such a trustee. As such, H.B. 974 can be read harmoniously with S.B. 563." *Id.* at 849.

The circuit court, on the other hand, noted §§ 460.100 and 460.250 and concluded:

... I think the only way to view the remnants of [Chapter] 460 is is it's just

---

1. One of the documents presented to the circuit court was described as an "investigation report establishing the fact that ... Mr. Rodney Wampler was killed by a shotgun blast." We do not know from this record whether Wampler died as a result of a rifle shot or a shotgun blast.

2. See Webster's Third New International Dictionary of the English Language Unabridged 2283 (1971).

kind of like a person's appendix. It can cause you trouble, but it doesn't serve any purpose. And the [c]ourt's not going to grant any weight to it.

I guess the [c]ourt could appoint a trustee to keep a convict from conveying away his property if he was going to do so in violation of credit—in fraud of creditors or to defeat creditors' rights. But that's not—[b]ut that's not the same thing as a[g]uardian ad [l]item to represent the convict's interest. So when I say that 460.100 and .250 have—serve no purpose, I'm saying at least in this case they serve no purpose. They're not intended to serve the purpose that the convict would advocate they were to serve.

The circuit court further said it viewed Thrun's request as merely a way of seeking "a free counsel or—or a person required to donate services to the [d]efendant's civil action, nor is he required—nor is the—Andrew County required to spend our budget here for court-appointed counsel and [g]uardians ad [l]item to defend a civil action brought against someone who shot another."

The Supreme Court has explained that, despite its peculiarity, § 460.100 has a purpose:

[T]o protect creditors, and other "interested persons," from the potential squandering of an inmate's estate while the inmate was incarcerated.... Both the old and the new versions of § 460.100 limit the trustee to managing the estate of the convict. Those actions by the convict which do not affect the "estate" of the convict—like domestic relations or actions challenging the conditions of confinement or the inmate's

conviction—are not subject to the provisions of Chapter 460.

*Id.* at 850.

Surely an allegedly unmerited judgment in a civil suit potentially squanders a convict's estate. Moreover, if the statute's purpose were restricted only to preventing fraud of creditors, as the circuit court concluded, the General Assembly would not have authorized appointment of a trustee to "defend *all* actions" [3] by hiring an attorney to "defend such actions." Thrun presented a case in which the circuit court should have considered appointing a trustee to use any assets in Thrun's estate to defend against the wrongful death civil action.

Because the circuit court expressed incorrect notions about the nature of a convict's request for a trustee under Chapter 460, we remand the case to it so it can reconsider the issue. We would exercise our authority under Rule 84.14 to enter the judgment that the circuit court should have entered, but we cannot know from this record whether Thrun's request for appointment of a trustee has merit. If, on remand, Thrun establishes just reason for appointing a trustee, the circuit court should appoint one under such guidelines and directives as it deems appropriate— including payment from Thrun's estate. Because the record causes us concern that the circuit court may not have been fully informed about the nature of Thrun's request,[4] we also instruct the circuit court to give Thrun an opportunity to articulate formally the justification for appointment of a trustee.

Thrun raises two other points concerning notice of the circuit court's handling of

**3.** We added the emphasis.

**4.** The circuit court commented during its consideration of Thrun's request, "The [c]ourt notes ... that there's a reference ... in a court docket entry to an oral motion of the [d]efendant for appointment of a trustee. And I believe that word 'oral' is ... incorrect inasmuch as the [d]efendant has never ap-

peared in court, according to the record, and that Judge Judah has meant to say informal motion or ... implied motion, or something of that nature, because some of the documents filed by the [d]efendant make reference to ... a trustee or that one should have been appointed."

his request for filing a counterclaim. We find no merit to his contentions.[5]

We, therefore, reverse the circuit court's judgment and remand the case to it so it can reconsider Thrun's request for appointment of a trustee. If, after considering the issue according to the proper standards, it decides that it should appoint a trustee, it shall set aside its judgment in this case and rehear the case after appointing a trustee. If, after reconsideration of the trustee issue, it decides that appointment of a trustee in this case is not justified, it shall reenter its judgment for Elisha Wampler and Cantrell.

HAROLD L. LOWENSTEIN, Judge, and ROBERT G. ULRICH, Judge, concur.

---

5. If the circuit court grants Thrun's request for a trustee, an attorney hired by the trustee will have an opportunity to assert any counterclaim.